UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CALEB Z. POOLE,

         Plaintiff,

v.                                   Case No. 3:22-cv-327-BJD-MCR

SHERIFF MIKE WILLIAMS,

         Defendant.

_____

## ORDER OF DISMISSAL WTHOUT PREJUDICE

Plaintiff Caleb Poole, a pretrial detainee housed at Montgomery Correctional Center in Jacksonville, Florida, initiated this case by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983. In the Complaint, Plaintiff names one Defendant – Jacksonville Sheriff Mike Williams. Id. at 1. Although not a picture of clarity, Plaintiff alleges his rights under the Fourteenth Amendment have been violated because "the tablets have been not working right" and are "hard to get on if you do." Id. at 4. He asserts that as a result, he has been "deprived [] of [his] mail and civil rights" and he requests monetary damages. Id.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief

against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "A claim is frivolous if it is without arguable merit either in law or fact." <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing <u>Battle v. Central State Hosp.</u>, 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should be ordered only when the legal theories are "indisputably meritless," <u>id.</u> at 327, or when the claims rely on factual allegations which are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" <u>Bilal</u>, 251 F.3d at 1349 (quoting <u>Neitzke</u>, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when a plaintiff has little or no chance of success. <u>Id.</u>

The Court must read a plaintiff's pro se allegations in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him or her of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Salvato v. Miley</u>, 790 F.3d 1286, 1295 (11th Cir. 2015); <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); <u>Richardson v. Johnson</u>, 598 F.3d 734, 737

2

(11th Cir. 2010) (per curiam) (citations omitted). Moreover, in § 1983 suits, the Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). Without well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against Defendant.

Further, a civil rights complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civil P. 8(a)(2). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Indeed, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A plaintiff must allege sufficient facts "that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Plaintiff appears to sue Sheriff Mike Williams based on supervisor liability. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted). "The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." Id. Supervisor liability arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (internal quotation marks and citation omitted).

> The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Alternatively, the causal connection may be established when a supervisor's "custom or policy . . . result[s] in deliberate indifference to constitutional rights" or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

Cottone, 326 F.3d at 1360 (internal citations omitted). See also Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (affirming the district court's dismissal of the secretary of the DOC because the plaintiff failed to allege that the secretary personally participated in an action that caused the plaintiff injury or that the plaintiff's "injuries were the result of an official policy that [the secretary] established"); Harvey v. City of Stuart, 296 F. App'x 824, 826 (11th Cir. 2008) (affirming dismissal of a § 1983 action against a municipality because the plaintiff "failed to identify any policy or custom that caused a constitutional violation, and his vague and conclusory allegations were insufficient to support the complaint").

Plaintiff does not allege that Williams personally participated in the alleged denial of his constitutional rights. Nor does he allege that Williams had a policy, practice, or custom that resulted in constitutional violations. See generally Doc. 1. Plaintiff asserts only that "the tablets" at the jail are "not working right." Id. at 4. However, Plaintiff has not alleged that this issue establishes "a history of widespread abuse" that would put Williams on notice of the need to correct Plaintiff's alleged constitutional violation, but Williams has failed to do so. See Cottone, 326 F.3d at 1360. Thus, Plaintiff has failed to allege a causal connection between any action or inaction of Williams and a violation of his constitutional rights. See Twombly, 550 U.S. at 570; Harvey, 296 F. App'x at 826.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.     This case is **DISMISSED without prejudice**.

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of March, 2022.


_____
BRIAN J. DAVIS
United States District Judge

Jax-7

c:     Caleb Z. Poole, #2021010497

6